[Cite as *Davis v. Honaker*, 2014-Ohio-171.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


JENNIFER MARIE DAVIS n.k.a. Short,  :

    Plaintiff-Appellee,  :  CASE NO. CA2013-03-008

    - vs -  :  O P I N I O N
        1/21/2014

        :

SHAUN M. HONAKER,  :

    Defendant-Appellant.  :


CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 21140147


Shannon Marie Treynor, 63 North Main Street, London, Ohio 43140, for plaintiff-appellee

Priya D. Tamilarasan, 1141 South High Street, Columbus, Ohio 43206, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Shaun M. Honaker (father), appeals from a judgment of the Madison County Common Pleas Court, Juvenile Division, ordering him to pay plaintiff-appellee, Jennifer Marie Davis n.k.a. Short (mother), $235.07 per month in child support, with the order made retroactive to the birthdate of the parties' child, and one-half of mother's attorney fees. For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} On October 24, 2011, the Madison County Child Support Enforcement Agency (CSEA), acting through and on mother's behalf, filed a motion to establish a child support order for the parties' minor child, who was born on July 11, 2009. Genetic testing performed at father's request revealed that there was a 99.99 percent probability that he was, in fact, the child's father. On January 6, 2012, father filed a request for shared parenting. A hearing was held on the various issues on three separate dates in 2012. Mother was represented by counsel during those hearings, while father acted pro se. On February 5, 2013, the trial court issued an entry denying father's request for shared parenting and granting him, instead, transitional visitation with the child for a three-month period and then standard visitation thereafter. The trial court ordered father to pay mother $235.07 per month in child support, and made the order retroactive to the date of the child's birth. The trial court also ordered father to pay one-half of mother's attorney fees.

{¶ 3} Father now appeals, assigning the following as error:

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED BY AWARDING APPELLEE RETROACTIVE CHILD SUPPORT.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED BY AWARDING APPELLEE ATTORNEY FEES.

{¶ 8} In his first assignment of error, father argues the trial court erred in awarding mother retroactive child support for the care of their minor child, because the record is silent on the parent's financial contribution to the support of the child. Father points out that, in order to award retroactive child support, R.C. 3111.13(F)(2) requires a trial court to consider "all relevant factors, including but not limited to, any monetary contribution either parent of the child made to the support of the child[.]" He states that, while "[t]here were some lines of questioning regarding [his] contribution to the overall household groceries[,]" there was "no

- 2 -

specificity as to the necessaries for the child such as diapers, formula, or clothing[,]" and "[t]he record contains even less information regarding the [mother]'s financial contribution for the child at that time." Father asserts that there was no "direct and conclusive evidence [presented] regarding the financial support of the child[,]" and that "[i]n the absence of evidence taken on such issues, this Court has held [in *Tarter v. Abney*, 12th Dist., Clermont, No. CA2009-08-051, 2010-Ohio-328] that the retroactive child support order should not be upheld." We find father's arguments unpersuasive.

{¶ 9} R.C. 3119.05(J) states in relevant part:

> When a court * * * requires a parent to pay an amount for that parent's failure to support a child for a period of time prior to the date the court modifies or issues a court child support order * * *, the court * * * shall calculate that amount using the basic child support schedule, worksheets, and child support laws in effect, and the incomes of the parents as they existed, for that period of time.

{¶ 10} R.C. 3111.13(F)(2) states:

> When a court determines whether to require a parent to pay an amount for that parent's failure to support a child prior to the date the court issues an order requiring that parent to pay an amount for the current support of that child, it shall consider all relevant factors, including, but not limited to, any monetary contribution either parent of the child made to the support of the child prior to the court issuing the order requiring the parent to pay an amount for the current support of the child.

{¶ 11} In *Tartar*, this court reversed a trial court's child support award to a mother that was made retroactive to the child's birthdate, because the father in that action did not receive adequate notice that the proceedings were instituted for the purpose of establishing child support, as well as for the purpose of establishing paternity. *Id.* at ¶ 8-17. After quoting R.C. 3119.05(J) and 3111.13(F)(2), this court also determined that the trial court erred in awarding retroactive child support to the mother because (1) "no evidence was taken with regard to whether the father provided support for the child since her birth, particularly when it was

noted in the record that father and mother cohabitated at one time and provided necessaries for the child[,]" and (2) "no evidence was taken concerning the situation and incomes of the parents for the period that would encompass any retroactive support." *Id.* at ¶ 25.

{¶ 12} The case before us is distinguishable from *Tarter* for several reasons. First, there is no question in this case that Father was aware that child support was an issue in these proceedings. Compare *id.* at ¶ 8-17 (father failed to receive adequate notice that child support issues would be addressed and decided at the proceedings). Therefore, father had a fair opportunity to present any evidence he wished regarding any monetary contribution he had made to the support of the child.

{¶ 13} Second, the only evidence in the record showing that father made a monetary contribution to the child prior to the trial court issuing a child support order was that he and mother used some of his food stamps during the time they lived together and that he installed some cabinets in the mobile home in which they lived. Father estimated at trial that he had put "about $5,000 worth of work and equity in the property." However, he presented no evidence to support that claim, and he failed to present any evidence regarding the total value mother received as a result of his allowing her to use his food stamps. Additionally, both of father's claimed contributions appear to have been de minimis in nature as father was a home remodeler by occupation, and when he was living with mother and sharing his food stamps with her, it is reasonable to infer that he was eating there, too.

{¶ 14} Finally, contrary to what father claims, the record is not silent on mother's financial contributions to the child. Rather, there is evidence in the record to support the trial court's determination that mother "has assumed the responsibilities of raising the child." Specifically, the evidence shows that mother, with the aid of her parents and current husband, and with little-to-no assistance from father, has assumed the responsibilities of raising the child since its birth.

{¶ 15} In light of the forgoing, father's first assignment of error is overruled.

{¶ 16} In his second assignment of error, father argues the trial court erred in awarding mother one-half of her attorney fees, because an award of such fees is permitted only in instances where a specific statute authorizes such an award, where there is a contractual agreement between the parties, or where the party against whom the order is made has acted in bad faith, and none of those instances are present here. However, father's argument overlooks R.C. 3123.17(B), which provides that when a court issues or modifies a child support order, the court may include in the support order a statement ordering either party to pay the costs of the action, including but not limited to, attorney fees.

{¶ 17} Accordingly, father's second assignment of error is overruled.

{¶ 18} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.